Honorable Jerry M. Blair State Attorney Third Judicial Circuit
QUESTION:
Is the State Attorney authorized to represent county and municipal law enforcement agencies in forfeiture actions filed pursuant to the Florida Contraband Forfeiture Act, s. 932.704(4), F.S., as amended effective July 1, 1992?
SUMMARY:
The Legislature did not alter the authority of the State Attorney to represent county and municipal law enforcement agencies in contraband forfeiture actions by virtue of the 1992 amendments to the Florida Contraband Forfeiture Act.
Pursuant to s. 932.703(1), F.S., as amended by s. 3, Ch. 92-54, Laws of Florida:
 (1)(a) Any contraband article[1] used in violation of any provision of the Florida Contraband Forfeiture Act[2]
or in, upon, or by means of which any violation of the Florida Contraband Forfeiture Act has taken or is taking place, may be seized and shall be forfeited subject to the provisions of the Florida Contra-band Forfeiture Act. (b) All rights to, interest in, and title to contraband articles used in violation of s. 932.702 shall immediately vest in the seizing law enforcement agency upon seizure.
Prior to the amendment underlined above, the statute vested interest in such property in the state.[3]
The statute provides that "[t]he seizing agency shall not use the seized property for any purpose until the rights to, interest in, and title to the seized property are perfected in accordance with the Florida Contraband Forfeiture Act."[4] Seizing agencies are required to "promptly proceed[5] against the contraband article by filing a complaint[6] in the circuit court within the jurisdiction where the seizure or the offense occurred."[7]
Chapter 92-54, Laws of Florida, which substantially rewrote the Florida Contraband Forfeiture Act, makes repeated reference to the "seizing agency." In contrast, s. 932.704(1), F.S. 1991, provided that:
The state attorney within whose jurisdiction the contraband article, vessel, motor vehicle, aircraft, other personal property, or real property or interest in real property has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband, or such attorney as may beemployed by the seizing agency, shall promptly proceed against the contraband article . . . . (e.s.)
The parallel provision in the amended statute states that "[t]heseizing agency shall promptly proceed against the contraband article by filing a complaint in the circuit court within the jurisdiction where the seizure or the offense occurred."[8]
(e.s.)
You have asked whether this change in terminology represents an attempt by the Legislature to remove authority from the State Attorney to represent county and municipal law enforcement agencies when such agencies file forfeiture actions under the Florida Contraband Forfeiture Act.
My review of the legislative history surrounding the enactment of Ch. 92-54, Laws of Florida, reveals no intent on the part of the Legislature to remove the responsibility for such actions from the State Attorney as was provided in Ch. 932, F.S. 1991.[9]
While not conclusively dispositive of this issue, I would note that provisions relating to contraband forfeiture continue to refer to the legal representation in such proceedings by either the Department of Legal Affairs or the State Attorney. For example, s. 895.09(2)(a), F.S., as amended by s. 8, Ch. 92-54, Laws of Florida, provides that:
Following satisfaction of all valid claims under subsection (1), 25 percent of the remainder of the funds obtained in the forfeiture proceedings pursuant to s. 895.05 shall be deposited as provided in paragraph (b) into the appropriate trust fund of theDepartment of Legal Affairs or state attorney's office which filed the civil forfeiture action; 25 percent shall be deposited as provided in paragraph (c) into the law enforcement trust fund of the investigating law enforcement agency conducting the investigation which resulted in or significantly contributed to the forfeiture of the property; 25 percent shall be deposited as provided in paragraph (d) in the Drug Abuse Trust Fund of the Department of Health and Rehabilitative Services . . .; and the remaining 25 percent shall be deposited in the Forfeited Property Trust Fund of the Department of Natural Resources. When a forfeiture action is filed by the Department of Legal Affairs ora state attorney, the court entering the judgment of forfeiture shall, taking into account the overall effort and contribution to the investigation and forfeiture action by the agencies that filed the action, make a pro rata apportionment among such agencies of the funds available for distribution to the agencies filing the action as provided in this section. If multiple investigating law enforcement agencies have contributed to the forfeiture of the property, the court which entered the judgment of forfeiture shall, taking into account the overall effort and contribution of the agencies to the investigation and forfeiture action, make a pro rata apportionment among such investigating law enforcement agencies of the funds available for distribution to the investigating agencies as provided in this section. (e.s.)
This statute was amended by Ch. 92-54, Laws of Florida, although the changes made were minimal and the quoted language remains nearly identical to the language of the 1991 statute. Thus, this provision relating to the distribution of funds obtained through forfeiture proceedings, and including a formula for rewarding legal counsel to a seizing agency, was continued by the Legislature in the same form as the 1991 statute despite the amendments made by Ch. 92-54, Laws of Florida.
While the statutes recognize that forfeiture actions may be filed by a number of agencies, referred to as "seizing agencies," I see no evidence that the Legislature intended to remove authority for legal representation of counties and municipalities from the State Attorney's Office.
Therefore, it is my opinion that the authority of the State Attorney to represent county and municipal law enforcement agencies in forfeiture actions filed pursuant to s. 932.704(4), F.S., as amended by Ch. 92-54, Laws of Florida, continues to the same extent as that authority existed under s. 932.704(1), F.S. 1991.
[1] As used in the Florida Contraband Forfeiture Act, the term "[c]ontraband article" means:
1. Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which was used, is being used, was attempted, or is intended to be used in violation of any provision of chapter 893.
2. Any gambling paraphernalia, lottery tickets, money, currency, or other means of exchange which was used, was attempted, or intended to be used in violation of the gambling laws of the state.
3. Any equipment, liquid or solid, which was being used, is being used, was attempted to be used, or intended to be used in violation of the beverage or tobacco laws of the state.
4. Any motor fuel upon which the motor fuel tax has not been paid as required by law.
5. Any personal property, including, but not limited to, any vessel, aircraft, item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, books, records, research, negotiable instruments, or currency, which was used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, whether or not comprising an element of the felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.
6. Any real property, including any right, title, leasehold, or other interest in the whole of any lot or tract of land, which was used, is being used, or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.
See, s. 932.701(2)(a)1.-6., F.S., as amended by s. 1, Ch. 92-54, Laws of Florida.
[2] Sections 932.701-932.707, F.S., constitute the "Florida Contraband Forfeiture Act." See, s. 932.701(1), F.S., as amended by s. 1, Ch. 92-54, Laws of Florida.
[3] See, s. 932.703(1), F.S.
[4] Section 932.703(1)(c), F.S., as amended by s. 3, Ch. 92-54, Laws of Florida.
[5] Section 932.701(2)6.(c), F.S., as amended by s. 1, Ch. 92-54, Laws of Florida, defines "[p]romptly proceed" to mean "to file the complaint within 45 days after seizure."
[6] A "[c]omplaint" is defined for purposes of the act as "a petition for forfeiture filed in the civil division of the circuit court by the seizing agency requesting the court to issue a judgment of forfeiture." See, s. 932.701(2)6.(d), F.S., as amended by s. 1, Ch. 92-54, Laws of Florida.
[7] Section 932.704(4), F.S., as amended by s. 4, Ch. 92-54, Laws of Florida.
[8] Section 932.704(4), F.S., as amended by s. 4, Ch. 92-54, Laws of Florida.
[9] In reviewing the legislative history for enactment of Ch. 92-54, Laws of Florida, the following were considered: Final Bill Analysis and Economic Impact Statement on CS/HB 397, House Committee on Criminal Justice, April 16, 1992; ContrabandForfeiture in Florida: A Review of Current Law and Suggestions forLegislative Reform, Staff of the House Committee on Criminal Justice, Interim Project, September 1991; Contraband ForfeitureExpenditures Report, Staff of the House Committee on Criminal Justice, Supplement to: Interim Project, September 1991; Audio Tapes of the House Criminal Justice Committee Meetings of January 15, 1992 and January 22, 1992.